UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| John J. Eley, ) | CASE NO. 4:02 CV 1994 |
| ) | |
|     Petitioner, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| Margaret Bagley, Warden, ) | AND ORDER |
| ) | |
|     Respondent. ) | |

This matter comes before the Court on Petitioner John J. Eley's Emergency Motion for Order Directing Ohio Parole Board to Allow Dr. Jeffrey Smalldon to Observe Inmate Interview Scheduled for May 31, 2012 at 10:00 a.m. (ECF # 86). For the following reasons, Petitioner's Motion is denied.

**Background**

On March 19, 2003, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, raising eight grounds for relief. (ECF # 9). This Court denied the Petition on October 18, 2006 (ECF # 63) and Petitioner appealed. The Sixth Circuit subsequently affirmed on May 14, 2010. *See Eley v. Bagley*, 604 F.3d 958 (6th Cir. 2010). Petitioner then filed a Petition for Writ of Certiorari, which the U.S. Supreme Court denied in August 2010. (ECF # 74).

Petitioner thereafter filed in this Court a Motion for Order Continuing Appointment of Counsel for Clemency Proceedings pursuant to 18 U.S.C. § 3599 and *Harbison v. Bell*, 556 U.S. 180 (2009). (ECF # 75). This Court granted the Motion on January 13, 2011. (ECF # 76).

The Ohio Parole Board scheduled an interview with Petitioner on May 31, 2012. In preparation for this interview, Petitioner's counsel sent a letter to Cynthia Mausser of the Ohio Parole Board, requesting permission for psychologist Dr. Jeffrey Smalldon to observe Petitioner's interview in order to assist him in assessing Petitioner's competency to be executed. (ECF # 86-1 at 1-2).[1] In the alternative, counsel asked that the interview be recorded electronically to allow Dr. Smalldon to review it at a later time. (ECF # 86-1 at 1). Ms. Mausser denied counsel's request in all respects, stating it was contrary to Ohio Parole Board policy to allow anyone other than counsel and a representative from the Governor's Office to observe death penalty clemency hearings. (ECF # 86-2 at1).

Petitioner then filed the instant Emergency Motion for Order Directing Ohio Parole Board to Allow Dr. Jeffrey Smalldon to Observe Petitioner's May 31, 2012 Interview. (ECF # 86). Petitioner filed a similar motion in the Ohio Supreme Court on May 29, 2012. *See State v. Eley*, Case No. 1996-0285 (Ohio S.Ct.).

**Analysis**

In his Motion, Petitioner argues this Court has the inherent authority under 18 U.S.C. § 3599 to order the Ohio Parole Board to permit Dr. Smalldon to observe Petitioner's Parole Board interview. Citing deposition testimony and affidavits from both trial counsel and Dr. Smalldon, Petitioner's counsel maintains Petitioner has a "long history of irrational behavior and inability to

---

[1] Petitioner is scheduled to be executed on July 26, 2012.

-2-

assist counsel with his defense" and "may be incompetent to be executed." (ECF # 86 at 5). Counsel asserts Petitioner has refused to cooperate with mental health experts and has, therefore, "never been fully diagnosed or even evaluated." (ECF # 86 at 6-7). They argue it is, therefore, imperative that Dr. Smalldon be able to observe Petitioner at his clemency interview, so that counsel may properly evaluate Petitioner's competency and litigate potential claims under *Ford v. Wainwright*, 477 U.S. 399 (1986) to wit, Petitioner is not competent to be executed.

The Court finds it does not have the authority under § 3599 to issue an order requiring the Ohio Parole Board to permit Dr. Smalldon to observe Petitioner's clemency interview. Section 3599, entitled "Counsel for financially unable defendants," provides for the appointment of counsel for federal capital defendants and state and federal post-conviction litigants. Interpreting this statute, the Supreme Court held in *Harbison v. Bell*, 556 U.S. 180 (2009) that § 3599 authorizes district courts to appoint counsel to represent capital defendants in subsequent state clemency proceedings and, further, that any such counsel is entitled to compensation. Once counsel has been appointed, Section 3599(f) allows a district court to provide funding for "reasonably necessary" investigative or expert services, as follows:

> Upon a finding that investigative, expert, or other services are reasonably necessary for the representation of the defendant, whether in connection with issues relating to guilt or the sentence, the court may authorize the defendant's attorneys to obtain such services on behalf of the defendant and, if so authorized, shall order the payment of fees and expenses therefor. . .

18 U.S.C. § 3599(f).

In a case very similar to the instant matter, the Sixth Circuit recently rejected a habeas petitioner's argument that § 3599 empowers federal courts, not only to fund an attorney's efforts to obtain reasonably necessary investigative or expert services, but "also to manage and enforce the

collection of evidence in state clemency proceedings." *Baze v. Parker*, 632 F.3d 338, 342 (6th Cir. 2010). In that case, petitioner, a Kentucky death row inmate, requested the district court order state prison officials to provide him with information that he could use to his benefit during state clemency proceedings. *Id.* at 341. The district court denied the request, finding it did not have jurisdiction to grant petitioner's request. The Sixth Circuit agreed, finding that "Section 3599 allows a federal court to approve the expenditures of federal funds, not usurp oversight of the discovery process in a state proceeding." *Id.* at 344. That court noted that, "[a]lthough state interference with a defendant's efforts to obtain evidence in support of a state clemency application could be a problem, a solution is more appropriately fashioned in state court and, in any case, is nowhere to be found in 18 U.S.C. § 3599." *Id*.

Petitioner herein argues *Baze* is distinguishable because the petitioner in that case asked the district court to order state employees to submit to interviews with counsel, an action that does not arise "in the course of their ordinary employment." (ECF # 86 at 7). Petitioner maintains that he, on the other hand, is "merely request[ing]" that Dr. Smalldon be permitted to observe the Parole Board interview, which would not require the Board "to act in an extraordinary fashion." (ECF # 86 at 7). The Court rejects Petitioner's argument. As the Sixth Circuit made clear in *Baze*, the issue of a federal court's authority under § 3599 is a jurisdictional one, not a matter of degree. Section 3599 authorizes a federal court to appoint counsel and authorize the payment of funds for "reasonably necessary" expert services. It does not authorize a federal court to command a state parole board to deviate from its policy regarding death penalty clemency hearings, regardless of whether that deviation is considered a minor or major deviation. *See Baze*, 632 F.3d at 345 ("[Section] 3599(f) provides a federal court with no jurisdiction to issue any order beyond the

-4-

authorization of funds"); *Spisak v. Tibbals*, 2011 WL 9614 at *1 (N.D. Ohio Jan. 3, 2011) (Oliver, J.) (denying petitioner's motion to order state prison to record clemency interview to support necessary expert testimony relevant to petitioner's mental state and noting that Section 3599 does not give district court the authority to "intervene in the clemency process").

Contrary to Petitioner's argument, there is no jurisdictional basis for this Court to intervene in Ohio's clemency process by requiring the Parole Board to either videotape or allow Dr. Smalldon to observe Petitioner's May 31, 2012 interview. Accordingly, Petitoner's Motion (ECF # 86) is denied.

IT IS SO ORDERED.

                                                                                          s/ Christopher A. Boyko
                                                                                          CHRISTOPHER A. BOYKO
                                                                                          UNITED STATES DISTRICT JUDGE

DATED: May 30, 2012